FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 0 9 2001

JAMES W. McCORMACK, CLERK
By: _____
                    DEPT. CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CYNTHIA BOONE, Individually and as
Next Friend of ASHLEY BOONE                                              PLAINTIFF

v.                            Case No. _____

STATE OF ARKANSAS, DEPARTMENT OF HEALTH
and CABOT SCHOOL DISTRICT                                                DEFENDANTS

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION**

I. Introduction/Summary of Argument.

> "If there is any fixed star in our constitutional constellation, it is
> that *no official, high or petty, can* prescribe what shall be
> orthodox in politics, nationalism, religion, or other matters of
> opinion or *force citizens to confess* by word or act *their faith*
> therein." *West Virginia State Board of Education v. Barnette*, 63
> S.Ct. 1178, 1187 (1943). Emphasis added.

If the foregoing language has any meaning, the inquisitions of the Arkansas Department of Health compel immediate injunctive relief. The constitutional law of the land prohibits any State scheme which impairs the right of religious choice, or burdens the free exercise of religious belief via the threat that public benefits will be forfeited.

Ms. Cynthia Boone explained the basis of part of her religious objection in terms of New Testament Scripture (1st Corinthians 6:19) which regards the body as the temple of the Holy Spirit. See Exhibit "B." She also believes the use of a vaccine to protect individuals from behavior she believes to be "sinful" — intravenous drug use, sex — to insult the Christian God in whom she believes. Exhibit "B." While generally adhering to the Methodist brand of the

Protestant faith, Cynthia Boone is not a member of any church and objects to being required to prove her faith to state officials much less that she hails from a "recognized religion."

Pursuant to the direction it perceived from A.C.A. §6-18-702, the State of Arkansas, Department of Health, prepared an application which it routinely requires, together with instructions for its use. The application includes a written Questionnaire. The applicant is asked how many times their congregation meets, how many members there are in the congregation, and; then, is asked to produce examples of their written theology. These records then become public records, without exclusion from the Arkansas Freedom of Information Act, A.C.A. §25-19-101 et seq.

In Ms. Boone's case, her daughter was sent home from the Cabot Senior High on Tuesday, October 2, 2001, and told not to return until the exemption is granted. Ashley Boone has been refused books or homework and thus is precluded from staying up with her class. Exhibit "B."

## II. The Standard for Injunctive Relief.

The decision most often cited setting forth the rules for the grant of injunctive relief is *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). In that case, the court set forth the factors to be considered as follows:

> Whether a preliminary injunction should issue involves

2

>consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between the harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability the movant will succeed on the merits; and (4) the public interest.

640 F.2d at 113. See also *Entergy, Arkansas, Inc. v. Nebraska*, 210 F.3d 887 (8th Cir. 2000). This formulation makes for an easy analysis in this case.

### 1. The element of "irreparable injury" is manifest.

When first amendment freedoms are lost, even if for minimal periods of time, irreparable injury has occurred. *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2674, 2689, 49 L.Ed. 2d 547 (1976). *Elrod* specifically noted the appropriateness of a TRO while First Amendment freedoms were threatened, and held that a District Court might properly be said to abuse its discretion for denying injunctive relief, in view of the "unquestionably" irreparable injury which is entailed by impairment of First Amendment freedoms.

### 2. The Cabot School District has excluded Ashley Boone from school.

The only hardship either party will face is that of Ashley Boone's loss of education.

### 3. Probability of Success on the Merits.

The key to this element is found in the decades of case law which honors the right of the individual citizen to free exercise of religious conscience under the First Amendment. As noted

3

in *Shumway v. Albany County School District No. One*, 826 F.Supp. 1320 (D.Wyo. 1993), Courts today are fortunate because there are abundant scholarly and judicial writings to address the issues raised herein. *Id.*, 826 F.Supp. at 1323.

**(a) Establishment/Free Exercise Issues.**

The law is clear that State coercion which burdens the exercise of religious belief is violative of the free exercise clause. *Lemon v. Kurtzman*, 403 U.S. 602, 91 S.Ct. 2105, 29 L.Ed.2d 745 (1971). The three-prong test established by *Lemon* has been "particularly relied on . . . in [virtually] every case involving the sensitive relationship between government and religion in the education of . . . children." *Grand Rapids School District v. Ball*, 473 U.S. 373, 383, 105 S.Ct. 3216, 3222, 87 L.Ed.2d 267 (1985). The "unique circumstances" of each case must be examined to determine whether state action is a violation of the establishment clause or free exercise clause under *Lemon*. *County of Allegheny v. American Civil Liberties Union*, 492 U.S. 573, 594, 109 S.Ct. 3086, 3102, 106 L.Ed.2d 472 (1989). *See also* the discussion, *infra*, of "irreparable injury." The precise issue before this Court was heard in *Sherr v. Northport-East Northport Union Free School District*, 672 F.Supp. 81 (E.D.N.Y. 1987), and the decision rendered in that case is a perfect road map for the issues in this case. The compelling arguments underlying Plaintiff's positions on these many issues will abundantly satisfy that portion of the test for a TRO or preliminary injunction which requires a probability of success on the merits.

**(b) The taking of a right without due process.**

The right to attend public schools is most obviously a proper right. The Tenth Circuit has

4

held that property interests "arise from sources such as state statutes, local ordinances, established rules, or mutually explicit understandings." *Abercrombie v. City of Catoosa, Oklahoma*, 896 F.2d 1228, 1231 (10th Cir. 1990), citing *Dickerson v. Quarberg*, 844 F.2d 1435, 1437 (10th Cir. 1998). Because the threat made by the State of Arkansas is to exclude Ashley Boone indefinitely from school, an important element of Plaintiff's §1983 claim is manifestly established.

Moreover, a person may not be compelled to choose between the exercise of his religious beliefs and participation in a public program. *See Everson v. Board of Education*, 330 U.S. 1, 16, 67 S.Ct. 504, 511-512, 91 L.Ed. 711 (1947). Any coercive effect, direct or indirect, is improper. The Supreme Court has held that "(w)here the State conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by a religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his religious beliefs, a burden upon religion exists." *Smith v. North Babylon Union Free School District*, 844 F.2d 90, 93 (2nd Cir. 1988), citing *Thomas v. Review Board of the Indiana Employment Security Division*, 450 U.S. 707, 718, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981).

**4. The public interest.**

Plaintiff submits that the public interest will be abundantly served by an order which pulls the plug on the Questionnaires and rules followed by the Department of Health. The

Plaintiff, if forced to participate in these exercises, cannot even know what it will take to make out a *prima facie* case. To anyone, the Questionnaire, and success at gaining an exemption using it, would appear daunting. How many congregations are sufficient? How often should "meetings" take place in order to be "recognized?" Should the applicant forward pages from the Christian bible? The public interest most assuredly lies in not compiling information on the numbers, locations and practices of religious congregations.

## SPECIFIC RELIEF

Pending a trial on the merits, the Court should enjoin the Defendants from denying Ashley Boone the important right to extend school while the parties are permitted to proceed with the litigation, without specific findings on whether the Plaintiff is an adherent of some recognized religion. Alternatively, the Court can find that the inherent nature of religion entails a personal belief system, "recognized" as such, so that the exemption for Ashley Boone is granted. Ashley Boone also needs, as part of any Order, a determination that her absence to date shall be excused and that appropriate action should be taken to see that she is apace with her fellow students.

Respectfully submitted,

PRYOR, ROBERTSON
    & BARRY, PLLC
315 North 7th Street
P.O. Box 848
Fort Smith, AR 72902-0848
(501) 782-8813

_____
Gregory T. Karber
Ark. Bar No. 79110
Attorney for Plaintiff


_____
Robert T. Moxley #5-1726
GAGE & MOXLEY
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003
(307) 632-1112
Attorney for Plaintiff

Respectfully submitted,

PRYOR, ROBERTSON
 & BARRY, PLLC
315 North 7th Street
P.O. Box 848
Fort Smith, AR 72902-0848
(501) 782-8813


Gregory T. Karber
Ark. Bar No. 79110
Attorney for Plaintiff

*Robert T. Moxley*
*by Richard L.*

Robert T. Moxley #5-1726
GAGE & MOXLEY
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003
(307) 632-1112
Attorney for Plaintiff