IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CYNTHIA BOONE, Individually and as
Next Friend of ASHLEY BOONE                                     PLAINTIFF

v.                          Case No. 4:01CV00685SWW

STATE OF ARKANSAS, DEPARTMENT OF HEALTH
and CABOT SCHOOL DISTRICT                                       DEFENDANTS

PLAINTIFFS' SUPPLEMENTAL POINTS AND
AUTHORITIES IN SUPPORT OF MOTION
FOR PRELIMINARY INJUNCTION

COME NOW the Plaintiffs, by and through their attorneys, Gregory T. Karber of Pryor, Robertson & Barry, PLLC, Fort Smith, Arkansas, and Robert T. Moxley, of Gage & Moxley, P.C., Cheyenne, Wyoming, and respectfully submit the following propositions of law which are relevant to the determination of preliminary merit herein.

A. Authorities pertinent to "recognized religion" requirement

1.  *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993); in announcing requirement of strict scrutiny regarding any enactment which is not "neutral" to religion, the court found "the First Amendment forbids an official purpose to disapprove of a particular religion or of religion in general."

2.  *Alameen v. Coughlin*, 892 F. Supp. 440 (E.D.N.Y. July 19, 1995); "it is not within the judicial ken to question the centrality of religious beliefs or practices."

3.    *Thomas v. Review Bd. of the Indiana Employment Sec. Div.*, 450 U.S. 707 (1981); subjecting religious belief to an evaluation process of the relative importance of the religious tenets is itself inimical to the First Amendment.

### B. Authorities pertinent to "substantial burden" analysis

4.    *Thomas v. Review Bd., supra,* 450 U.S. at 718; a substantial burden exists where the state "put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs."

5.    *Hobbie v. Unemployment Appeals Comm'n*, 480 U.S. 136, 141 (1987):

"Where the state conditions receipt of an important benefit upon conduct proscribed by a religious faith, or where it denies such a benefit because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden on religion exists. While the compulsion may be indirect, the infringement upon free exercise is nonetheless substantial."

6.    *Alameen v. Coughlin*, supra, citing 1st Amendment, court granted preliminary injunction to Sufi Muslim inmates who challenged prison ban on display and possession of certain dhikr beads. Court found inmates had demonstrated a substantial burden on their religious exercise and that prison was unlikely to succeed in establishing that ban was the least restrictive method of furthering its compelling interest in preventing gang violence.

7.    *Campos v. Coughlin*, 854 F. Supp. 194 (S.D.N.Y. May 3, 1994). Court granted prisoners' motion for preliminary injunction allowing them limited authority to wear and display Santeria beads because it found inmates had demonstrated irreparable harm and a likelihood of success.

8.  *Rust v. Clarke*, 883 F. Supp. 1293 (D. Neb. April 26, 1995). Asatru inmates requested declaratory and injunctive relief, alleging prison's denial of various items, privileges and individualized worship time violated RFRA. Because court felt it was "simply not suited to announce the 'correct' interpretation" of Asatru religion, it assumed prison actions interfered with beliefs "central to [p]laintiffs' religious doctrine."

9.  *Sasnett v. Sullivan*, 908 F. Supp. 1429 (W.D. Wisc. December 1, 1995); in RFRA case, on cross-motions for summary judgment, court considered inmate's claims that ban on jewelry-wearing and limitation on possession of publications violated the Act. Court rejected defendants' argument that plaintiffs could not meet initial substantial burden requirement unless they proved that their respective religions mandated the proscribed practices. Court adopted a "religiously motivated" standard, and found that difficulty in weeding out potentially frivolous claims, and forcing government to justify its practices under the stringent compelling interest standard is the price Congress decided the government should pay in order to preserve the individual religious freedoms this country views as essential to liberty.

Respectfully submitted this 12th day of October, 2001.

GREGORY T. KARBER
PRYOR, ROBERTSON & BARRY, PLLC
Attorneys at Law
315 North Seventh Street
P.O. Drawer 848
Fort Smith, Arkansas 72902-0848
(501) 782-8813

ROBERT T. MOXLEY #5-1726
GAGE & MOXLEY, PC
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003-1223
(307) 632-1112

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served the requisite number of copies of the foregoing document, to the entity or entities listed below, by placing same into the hands of the delivery service designated below, on this 12th day of October, 2001.

UPS Next Day Delivery [X] United States Mail [ ] Federal Express [ ] Overnight Mail [X] Facsimile [ ]

Mr. William C. Brazil
Brazil, Adlong, & Winningham, PLC
719 Workrider, Suite 201
Conway, AR 72032

Mr. Robert Brech
Associate General Counsel
Arkansas Department of Health
4815 W. Markham Street
Little Rock, AR 72205-3867

Mr. Jim Dalton
Assistant Superintendent
Cabot Public Schools
404 North Second
Cabot, AR 72023

Mr. Leon Miles, Acting Superintendent
Cabot School District
404 North 2nd Street
Cabot, AR 72023

Honorable Mark Pryor, Attorney General
State of Arkansas
State Capitol Building
Little Rock AR 72201

_____
Gregory T. Karber