FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 0 5 2001

JAMES W. McCORMACK, CLE
By:_____
                    DEP CL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

|  |  |
|---|---|
| CYNTHIA BOONE, Individually and as Next Friend of ASHLEY BOONE, <br> Plaintiff <br><br> VS. <br><br> STATE OF ARKANSAS, DEPARTMENT OF HEALTH and CABOT SCHOOL DISTRICT <br> Defendants | No. 4:01CV00685 SWW |

## ORDER

Now before the Court is the motion to dismiss [docket no. 6] of separate defendant Arkansas Department of Health and plaintiff's response in opposition [docket no. 18]. After careful consideration, and for the reasons stated below, the Court finds that defendant's motion must be denied.

### I. Standard of Review

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, the Court must determine whether any of the plaintiff's allegations establish a cause of action entitling legal relief. *See Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d. 649, 651 (8th Cir. 1998). Further, the Court must accept factual assertions in the complaint as true and interpret those facts in a light most favorable to the non-moving party. *See id.* Finally, the plaintiff's complaint "should not be dismissed unless it appears beyond a doubt the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief." *Id.*

## II. Background

The Court accepts the following allegations, supplied in plaintiff's complaint, as true for the purpose of deciding whether to grant defendant's motion.

Ashley Boone enrolled in, and was attending, Cabot Senior School beginning with the start of the fall semester, 2001. On or about October 1, 2001, Cabot School District told Ashley Boone that she was required to have a vaccination against Hepatitis B, and, since she did not have one, could no longer attend school. She was then refused access to books or assignments.

Cynthia Boone and Ashley Boone, in connection with making an application for religious exemption to vaccination pursuant to Arkansas Code Annotated § 6-18-702, were informed, either by school officials at the direction of public health officials, or by such officials themselves, that Ashley Boone would be denied admission to school for failure to be current on the vaccination for Hepatitis B.

Cynthia Boone is not a member of a "recognized religion" with "tenets" against vaccination; rather, Cynthia Boone believes from a personal religious standpoint that Hepatitis B vaccinations are against the will of her God and violate Christian biblical pronouncement about protecting the body, as a temple, against defilement.

## III. Discussion

In support of dismissal, defendant asserts: (1) the Department lacks the authority to grant religious exemptions based on personal beliefs; (2) the precise issues in this case were addressed by Judge Elsijane T. Roy in *Forbes v. Bennett*, No. LR-C-87-97 (E.D. Ark. Oct. 21, 1987); and (3) plaintiff lacks standing. The Court will address each of these issues,

2

beginning with the threshold issue of standing.

## A. Standing

To satisfy the Article III requirement of standing, plaintiff must allege that she suffered or imminently will suffer an injury in fact; the injury is fairly traceable to the defendant's conduct; and a favorable court decision is likely to redress the injury. *See Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136-37 (1992). An inquiry into the threshold issue of standing is not a review of the substantive merit of a plaintiff's claim. *See Campbell v. Minneapolis Pub. Hous. Auth.*, 168 F.3d 1069 (8th Cir. 1999).

Defendant asserts that plaintiff lacks standing because the remedy that plaintiff seeks cannot redress the injury she alleges. Pursuant to Arkansas Code Annotated § 6-18-702 ("Immunization"), children who have not received certain immunizations (as listed in the statute and designated by the State Board of Health) may not be admitted to public and private schools in Arkansas. Ark. Code Ann. § 6-18-702(a). However, the immunization statute also provides a religious exemption from those immunizations as follows:

> The provisions of this section shall not apply if the parents or legal guardian of that child object thereto on the grounds that immunization conflicts with the religious tenets and practices of a recognized church or religious denomination of which the parent or guardian is an adherent or member.

Ark. Code Ann. § 6-18-702(d(2). Defendant asserts that even this Court finds that Arkansas's limitation of the religious exemption to members or adherents of a "recognized church or religious denomination" unconstitutional, the Court cannot rewrite the statue to broaden the

religious exemption. Rather, defendant argues that the Arkansas severability statute[1] mandates that the offending language be stricken from the statute, removing *any* religious exemption, and leaving the immunization statute otherwise unimpaired. In other words, even if plaintiff succeeds in having the statute declared unconstitutional, she would still face immunization.

Plaintiff's analysis of the redressability issue differs from that of defendant, as does plaintiff's definition of the issue before the Court and the relief sought. Plaintiff states that she does not seek to re-write the religious exemption of the immunization statute, but rather to set aside the "exclusion from school" sanction that results from plaintiff refusing immunization on religious grounds. In essence, plaintiff seems to argue that rewriting the provision in question is not the only remedy that will give effect to plaintiff's constitutional rights.

While the Court does not address the merits of plaintiff's argument, the Court believes plaintiff has adequately established that, should the Court rule in her favor, her injury would be redressable. Accordingly, the Court will not dismiss plaintiff's complaint for lack of standing.

## B. Authority of Department to Grant Religious Exemptions

Defendant argues that the Department of Health lacks the authority to grant religious exemptions based on personal religious beliefs, or, stated alternatively, to "rewrite the statute

---

[1] Arkansas Code Annotated 1-2-117 ("Severability of provisions of Code") states: "Except as otherwise specifically provided in this Code, in the event any title, subtitle, chapter, subchapter, section, subsection, subdivision, paragraph, item, sentence, clause, phrase, or word of this Code is declared or adjudged to be invalid or unconstitutional, such declaration or adjudication shall not affect the remaining portions of this Code which shall remain in full force and effect as if the portion so declared or adjudged invalid or unconstitutional was not originally a part of this Code."

4

to suit the needs or wishes of the plaintiff." In essence, defendant seems to assert that it is not the proper party to sue in attacking the constitutionality of the State's failure to permit certain religious exemptions. Plaintiff does not respond to this assertion. Regardless, the Court finds that while there could be other proper defendants, such as the State Board of Education, *see* Ark. Code Ann. § 6-18-702(c)(2)(A), the Department of Health is a proper defendant. The Arkansas School Immunization Statute Religious Exemption Questionnaire, attached as Exhibit A to plaintiff's complaint, makes it clear that it is the Department of Health which determines whether a religious exemption is granted. As demonstrated in the record, while the Department of Health may not actually expel students who refuse immunization, the Department's denial of the religious exemption compels the school to do so. Therefore, the Court will not grant defendant's motion to dismiss for this reason.

### C. Precedential Value of *Forbes v. Bennett*

Defendant cites *Forbes v. Bennett*, No. LR-C-87-97 (E.D. Ark. Oct. 21, 1987), arguing the precise issues raised by plaintiff have been rejected by this court (Judge Elsijane T. Roy). Because defendant's motion to dismiss also served as a response to plaintiff's request for preliminary injunction, the Court questions whether defendant intended to cite this case as a reason for dismissal under Rule 12(b)(6), or whether defendant simply intended to bring this case to this Court's attention. To the extent defendant submits *Forbes* as a reason to dismiss this case, defendant appears to be asserting the affirmative defense of nonmutual issue preclusion. However, neither offensive nor defensive nonmutual issue preclusion would apply here, because those doctrines are applied against a party who has already had a full and fair

5

opportunity to litigate its/his/her issue, which is not the case with this particular plaintiff.[2] Therefore, the Court will not grant the motion to dismiss on this ground.

The Court further notes that this case differs from *Forbes* in that in *Forbes*, the district court in part dismissed the case due to that plaintiff's failure to fill out the requisite forms for an exemption. In this case, the record shows, and this Court has previously determined, that plaintiff has effectively been denied the exemption.[3]

### IV. Conclusion

THEREFORE, defendant's motion to dismiss [docket no. 6] is hereby DENIED.

IT IS SO ORDERED THIS 4th DAY OF DECEMBER, 2001

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

THIS DOCUMENT ENTERED ON
DOCKET SHEET IN COMPLIANCE
WITH RULE 58 AND/OR 79(a) FRCP
ON 12-6-01 BY tA

---

[2] Defensive nonmutual collateral estoppel protects a defendant from having to defend against an issue that a plaintiff previously litigated against another defendant and lost. Offensive nonmutual collateral estoppel permits a plaintiff who was not a party to a prior judgment to use that judgment to prevent a defendant from relitigating issues resolved against that defendant in an earlier proceeding. *See United States v. Mendoza*, 104 S. Ct. 568, 571 n.4 (1984).

[3] *See* Exhibits C & D to docket no. 2.

6

F I L E   C O P Y

vjt

UNITED STATES DISTRICT COURT
Eastern District of Arkansas
U.S. Court House
600 West Capitol, Suite 402
Little Rock, Arkansas 72201-3325

December 6, 2001

* * MAILING CERTIFICATE OF CLERK * *

Re:  4:01-cv-00685.

True and correct copies of the attached were mailed by the clerk to the following:

    Gregory T. Karber, Esq.
    Pryor, Robertson & Barry, PLLC
    315 North Seventh Street
    Post Office Drawer 848
    Fort Smith, AR  72902-0848

    Robert T. Moxley, Esq.
    Gage & Moxley
    623 West 20th Street
    Post Office Box 1223
    Cheyenne, WY  82003

    Robert Michael Brech, Esq.
    Arkansas Department of Health
    4815 West Markham
    Slot 31
    Little Rock, AR  72205-3867

    William Clay Brazil, Esq.
    Brazil, Adlong & Winningham
    719 Harkrider
    Suite 201
    Conway, AR  72032

cc: press

James W. McCormack, Clerk

V. Turner

Date:  12/6/01                                              BY: _____