FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 11 2001

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CYNTHIA BOONE, individually and
as Next Friend of ASHLEY BOONE,                                                    PLAINTIFF

v.                                         Case No. 4:01CV00685 SWW

STATE OF ARKANSAS, DEPARTMENT OF
HEALTH and CABOT SCHOOL DISTRICT                                                   DEFENDANTS

**PLAINTIFF'S MOTION TO ADD "OFFICIAL CAPACITY"
DEFENDANTS AND CLARIFY PRAYER FOR RELIEF;
ARGUMENT, POINTS AND AUTHORITIES**

COMES NOW the Plaintiff, by and through her attorneys, and in support of the relief requested hereinafter, respectfully shows the Court as follows:

**I. Introduction**

1. The First Amended Complaint in this matter seeks declaratory and injunctive relief which prospectively creates a new status quo: one whereby Ashley Boone is no longer threatened with expulsion from public school by virtue of the mere fact that she is not immunized with each and every one of the many prophylactic vaccines made mandatory by the State of Arkansas, Department of Health.

2. For purposes of the Temporary Restraining Order and Preliminary Injunction in this matter, already issued, the Cabot Schools have been the pivotal party, and the order requiring the schools to re-admit the child constitutes an effective and proper Preliminary Injunction, unaffected by the issues raised and anticipated hereby.

3. This Court will recall that a certain witness appeared before it, one Daniel McCarthy,

and subsequent to the issuance of the preliminary injunction in this matter, the Plaintiff's undersigned counsel filed an identical action (Case No. 01-2266) in the Western District of Arkansas, on behalf of Mr. MaCarthy and his daughter Danielle.

4. In the McCarthy case, the State, by and through the Attorney General's Office, has injected an Eleventh Amendment formalism into the legal analysis, claiming that the State Department of Health is not a "person" under 42 U.S.C. § 1983[1].

5. The Plaintiff has recognized that the "Person" issue exists in this case as well; however, the law simply dictates that Department of Health officials (and school officials as well) be named in the caption of this matter as "official capacity" defendants, in order that the final permanent injunction and declaratory relief may speak to the duty of all responsible officials to honor the constitutional rights of the plaintiff.

6. Plaintiff moves, therefore, to further clarify her Amended Complaint to demonstrate that the true nature of her claims against the State of Arkansas, Department of Health, are what the United States Supreme Court has called "Official Capacity" claims, a "fiction" under *Ex Parte Young*, 209 U.S. 123 (1908).

## II. The Legal Milieu of "Official Capacity" Claims

7. The doctrine of *Ex Parte Young* has allowed the federal courts for almost a century to avoid the absurdity that would result if federal courts were powerless to enforce the supreme law

---

[1] Under § 1983, only "persons" are susceptible to a civil action under the provision thereof which states that "Every person who . . . subjects . . . any citizen . . . or other person . . . to the deprivation of rights . . . shall be liable. . ."

2

of the land—the United States Constitution—against state actions which contravene its provisions.

8.  *Ex Parte Young* and its progeny hold that a state official who acts in violation of the constitution is "stripped of his official or representative character." *Id.*, p. 160. Over the years, the Courts have developed the admitted "fiction" of the "official capacity" suit, whereby officials named in their official capacity are thereby subject to the injunctive powers of the federal courts. *See, Will v. Michigan Department of State Police*, 491 U.S. 58, 71 n.10 (1989); *Papasan v. Allain*, 478 U.S. 265, 278 (1986); *Green v. Mansour*, 474 U.S. 64, 69 (1985); *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985); *Milliken v. Bradley*, 433 U.S. 267, 288-90 (1977); *Edelman v. Jordan*, 415 U.S. 651, 667-68 (1974).

9.  The Eighth Circuit has fully recognized the concept of an "official capacity" suit against state officials, even though the State itself, and as such[2], is technically immune under the 11th Amendment. *Fond Du Lac Band of Chippewa Indians v. Carlson*, 68 F.2d 253, 255 (8th Cir. 1995); *Dover Elevator Company v. Arkansas State University*, 64 F.2d 442, 447 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 432-33 (8th Cir. 1989). *Cf. Gibson v. Arkansas Department of Corrections*, ___ F.3d ___, 70 U.S. L.W. 1152 (8th Cir. Sept. 12, 2001) (state officials may be sued under ADA in their "official capacity").

10. The *Ex Parte Young* Doctrine is necessary to "permit the federal courts to vindicate federal rights and hold state officials responsible to 'the supreme authority of the United States.'"

---

[2] A school district is not immune under the Eleventh Amendment. *EEOC v. Hichman Mills Consolidated School District No. 1*, 99 F. Supp. 2d 1070, 1080 (W.D. Mo. 2000); *Miener v. State of Missouri*, 673 F.2d 969, 980 (8th Cir. 1982).

*Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 105 (1984).

### III. Proposed Clarification: The Proper "Capacity Stipulations"

11. The case of *Nix v. Norman, supra,* 879 F.2d at 431, simply notes the need for a "capacity stipulation" in the complaint. Moreover, the Eighth Circuit recognizes that Civil Rights pleadings are to be liberally construed. *Williams v. Town of Okuboji,* 606 F.2d 812, 814 (8th Cir. 1979), citing *Haines v. Kerner,* 404 U.S. 519 (1972) and *Anderson v. Sixth Judicial District Court,* 521 F.2d 420 (8th Cir. 1975).

12. A problem arises herein as in any such case, concerning the comprehensive ascertainment of the appropriate officials for defendant status under *Ex Parte Young*. Ultimately the proper officials, to be saddled with the fictitious "official capacity" defendant party status, might only be ascertained via discovery[3]. *See, Los Angeles County Bar Association v. Eu,* 979 F.2d 697, 704 (9th Cir. 1992) (officials are proper defendants who "have some connection with the enforcement of the allegedly unconstitutional act.") *Cf. Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985) ("Dismissal is only proper when it appears that the true identify of the defendant cannot be learned through discovery or the court's intervention").

13. Plaintiff moves at this time, therefore, to include the Director of the Department of Health, Fay Boozman, as an "individual capacity" defendant, and to name other potential such defendants as "John Does," the male alias to include females.

---

[3]Plaintiff submits that the State, by virtue of the plaintiff's notice pleading, and the receipt of briefs in this case and *McCarthy,* is fully aware of the scope of the required relief. **The "official capacity" defendants know who they are.**

14.     This motion may not be technically a motion to "amend," as the Amended Complaint fully sets forth the claims of plaintiff, and need not be changed. But Plaintiff suggests that the court simply deem the pleadings amended, by virtue of the fact that the issue was tried without objection, to pray that the court grant injunctive relief, based upon declaratory relief delineating the rights of plaintiff. Under *Ex Parte Young* the injunction must be directed toward those State officials—and those acting in concert with them—whose actions deprive plaintiff of Civil Rights guaranteed by the Constitution.

15.     An order in appropriate form is submitted herewith.

WHEREFORE, plaintiff prays an order of the court allowing the amendment of the caption of this matter, to properly and technically identify the "individual capacity" State officials and school officials whose duty to obey the United States Constitution vests this court with Civil Rights jurisdiction over them, for an order deeming the prayer for relief to encompass prospective relief injunctive directed against such officials, and for such other and further relief as the Court deems equitable and just.

Respectfully submitted this 7th day of December, 2001.

PRYOR, ROBERTSON
&amp; BARRY, PLLC
315 North 7th Street
P.O. Box 848
Fort Smith, AR 72902-0848
(501) 782-8813

BY: _____
GREGORY T. KARBER
Ark. Bar No. 79110
Attorney for Plaintiff


FOR:

Robert T. Moxley #5-1726
GAGE &amp; MOXLEY
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003
(307) 632-1112
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I, Gregory T. Karber, certify that on this 11 day of December, 2001, October, I have mailed a true and correct copy of the above and foregoing to:

Mr. William C. Brazil
Brazil, Adlong, & Winningham, PLC
719 Workrider, Suite 201
Conway, AR 72032

Mr. Robert Brech
Associate General Counsel
Arkansas Department of Health
4815 W. Markham Street
Little Rock, AR 72205-3867

Honorable Mark Pryor, Attorney General
State of Arkansas
State Capitol Building
Little Rock AR 72201

_____
Gregory T. Karber