FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 25 2002

JAMES W. McCORMACK, CLERK
By:_____
                      DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

**CYNTHIA BOONE, individually and
as Next Friend of ASHLEY BOONE**                                    **PLAINTIFF**

v.                                        Case No. 4:01CV00685 SWW

**STATE OF ARKANSAS, DEPARTMENT OF
HEALTH and CABOT SCHOOL DISTRICT**                                  **DEFENDANTS**

### PLAINTIFF'S RENEWED MOTION TO AMEND

COMES NOW the above-named Plaintiff, by and through her attorneys, Robert T. Moxley of Gage & Moxley and Gregory T. Karber of Pryor, Robertson & Barry, PLLC, and moves for an order of the Court allowing the filing and service of her First Amended Complaint, attached hereto and incorporated by this reference.

Petitioners show the Court that under Rule 15 (a) the amendment is proper and appropriate for the better articulation of plaintiff's alternate forms of relief, and the alternate bases for the remedies sought. Amendment is in the interest of justice, and does not allege new or materially different facts, but rather sets forth the theories of recovery in better detail.

The proposed First Amended Complaint is attached hereto pursuant to Local Rules.

Respectfully submitted,

PRYOR, ROBERTSON
    & BARRY, PLLC
315 North 7th Street
P.O. Box 848
Fort Smith, AR 72902-0848
(501) 782-8813

_____
Gregory T. Karber
Ark. Bar No. 79110
Attorney for Plaintiff

for ROBERT T. MOXLEY #5-1726
GAGE & MOXLEY, PC
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003-1223
(307) 632-1112

## CERTIFICATE OF SERVICE

I, Gregory T. Karber, certify that on this 21st day of January, 2002, I have mailed a true and correct copy of the above and foregoing to:

Mr. William C. Brazil
Brazil, Adlong, & Winningham, PLC
719 Workrider, Suite 201
Conway, AR 72032

Mr. Robert Brech
Associate General Counsel
Arkansas Department of Health
4815 W. Markham Street
Little Rock, AR 72205-3867

_____
Gregory T. Karber

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

CYNTHIA BOONE, individually and
as Next Friend of ASHLEY BOONE     PLAINTIFF

v.     Case No. 4:01CV00685 SWW

FAY BOOZMAN, In his Official Capacity;
JOHN DOE 1 through JOHN DOE 20,
in their Official Capacities as agents, servants, employees
or Officials of the State of Arkansas, Department of Health;
and CABOT SCHOOL DISTRICT     DEFENDANTS

## FIRST AMENDED COMPLAINT

COMES NOW the above-named Plaintiff, by and through her attorneys, Robert T. Moxley of Gage & Moxley and Gregory T. Karber of Pryor, Robertson & Barry, PLLC, and for her cause of action against the Defendants, respectfully shows the court as follows:

1. Ashley Boone is a resident of Cabot, Lonoke County, Arkansas.

2. Fay Boozman, in his official capacity, is the Director of the Arkansas Department of Health, and has the obligation to develop rules and regulations for religious exemptions from the mandatory immunization law set forth in A.C.A. §6-18-702 and to implement those rules and regulations. The Cabot School District is a subdivision of the State of Arkansas created and operated for the purpose of providing education.

3. Defendants Fay Boozman and John Does 1 through 20 are responsible, in their "official capacities," for the implementation and enforcement of unconstitutional state laws, regulations, customs, and policies, all of which require that said defendants be subject to the

injunctive and declaratory relief prayed-for hereinafter. Plaintiff may name additional Defendants in place of John Doe Defendants as discovery progresses.

4. This Court has jurisdiction pursuant to 29 U.S.C. §1343(a)(3) and (4) and 42 U.S.C. §1983.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the acts and omissions which form the basis for Plaintiff's claims took place within this District of the State of Arkansas or the Defendants reside in this District of the State of Arkansas.

6. Ashley Boone enrolled in, and was attending, Cabot School District beginning with the start of the fall semester, 2001. Ashley Boone, on or about the 1st day of October, 2001, was told by the separate Defendant, Cabot School District, that she was required to have certain vaccinations and, since she did not have them, could no longer attend school.

7. The Plaintiff brings this Count under and pursuant to 42 U.S.C. § 1983 to secure declaratory and injunctive relief concerning actions initiated by the defendants, which are violative of the rights, privileges and immunities secured by the Constitution of the United States. The actions of the Defendants constitute state action under color of law.

8. The First Amendment of the United States Constitution provides in pertinent part:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; . . ."

9. The Plaintiff has a liberty interest under the Constitution to freely practice her religion, free from the intrusion of officials from the State of Arkansas, free from the application

of regulatory laws or other official conduct which places a burden upon their free exercise of religion, and free from the threat of loss of public benefits, by virtue of their free exercise of religion. The Plaintiff has a liberty interest under the constitution in making the medical treatment choices for his minor children, and in regulating their upbringing.

10. The Plaintiff, under Arkansas law and custom, and by virtue of mutually explicit understandings, has a property right in the entitlement of his child to a free public education, which right entails attending public schools.

11. Arkansas statutes 6-18-702(a) and d(2) provide as follows:

> (a) Except as otherwise provided by law, no infant or child shall be admitted to a public or private school or child care facility of this state who has not been age appropriately immunized from poliomyelitis, diphtheria, tetanus, pertussis, red (rubeola) measles, rubella, and other diseases as designated by the State Board of Health, as evidenced by a certificate of a licensed physician or a public health department acknowledging the immunization.
>
> . . .
>
> (d) (2) The provisions of this section shall not apply if the parents or legal guardian of that child object thereto on the grounds that immunization conflicts with the religious tenets and practices of a recognized church or religious denomination of which the parent or guardian is an adherent or member.

12. Pursuant to its presumed statutory authority to adopt and enforce regulations as part of the foregoing immunization scheme, Fay Boozman has established or presently directs an office known as "Religious Exemption, Communicable Disease/Immunization," to receive and evaluate requests for religious exemption from the immunization requirements.

3

13. Also pursuant to its presumed statutory authority to adopt and enforce regulations as part of the foregoing immunization scheme, the separate Defendant, Fay Boozman, has established or presently directs the use of a "Religious Exemption Questionnaire" which is attached hereto and incorporated herein as Exhibit "A." Fay Boozman, in his official capacity, requires each applicant to answer the following written questions for the purpose of determining whether they are a member of a "recognized religion:"

    1. How many members does your church have? (Worldwide) (Arkansas)

    2. How frequent do your members meet?

    3. Where are your meetings customarily held?

    4. Send a written statement of the theology or beliefs of your religion.

    5. Attach a copy of your doctrine or that part of it which specifies that immunizations conflict with the tenets and practices of your church or religious denomination.

    6. Attach a copy of any legal documents, ex: approved Articles of Incorporation or the Internal Revenue Service, which are filed with governmental entities.

Stating further, the State of Arkansas also requires that an applicant submit a certificate from their pastor confirming the tenets of the recognized religion required to be adhered to by the State.

14. The Arkansas Department of Health, by statute, rule or regulation has adopted numerous mandatory vaccines.

15. The Plaintiff and Danielle McCarthy, in connection with making application for

religious exemption to vaccination, was informed, either by school officials at the direction of public health officials, or by such officials themselves, that his child would be denied admission to school for failure to have the mandatory vaccination.

16. The Plaintiff is not a member of "recognized religion" with "tenets" against vaccination; rather, Plaintiff believes from a personal religious viewpoint that vaccinations are against the will of her God and violate the Christian biblical pronouncement about protecting the body, as a temple, against defilement.

## COUNT I

### DEPRIVATION OF FREE EXERCISE/ESTABLISHMENT CLAUSE RIGHTS

17. Plaintiff realleges each and every allegation of paragraphs 1 to 16 above, and incorporate same by this reference. For his first cause of action against Defendants, Plaintiff further allege as follows:

18. A.C.A. §6-18-702(d)(2) violates the First Amendment to the United States Constitution as follows: (1) restrictions on the scope of religious exemptions are an infringement on Free Exercise; (2) the statute and regulations adopted pursuant thereto promote "recognized religions" in violation of the Establishment Clause; and (3) the regulation of religious expression and exercise, as allowed by the statute and as performed by the Department of Health, in the form of its Questionnaire and pastor's certificate, is an excessive and hence improper entanglement between Church and State.

19. A.C.A. §6-18-702(d)(2) should be declared unconstitutional in violation of the

First Amendment to the United States Constitution.

## COUNT II

### DECLARATORY JUDGMENT

20. Plaintiff realleges each and every allegation of paragraphs 1 to 19 above, and incorporate same by this reference. For his second cause of action against Defendants, Plaintiff further alleges as follows:

21. This Court should enter a Declaratory Judgment finding that the First Amendment to the United States Constitution permits Plaintiff to freely exercise his religion without the undue burden caused by the State of Arkansas, or, alternatively, that the mandatory vaccination scheme of the State of Arkansas is not the least restrictive alternative to the burden placed upon Plaintiff's free exercise of religion.

## COUNT III

### DEPRIVATION OF PROPERTY, LIBERTY AND DUE PROCESS RIGHTS

22. Plaintiff realleges each and every allegation of paragraphs 1 to 21 above, and incorporate same by this reference. For his third cause of action against Defendants, Plaintiff further allege as follows:

23. The action of the Defendants deprive Danielle McCarthy of an education constituting a taking of property and a denial of liberty without due process in violation of the Fourteenth Amendment to the United States Constitution. The actions of Defendants and the

unconstitutional laws, practices and customs of the State of Arkansas, deny Plaintiff his liberty right under the Fourteenth Amendment to exercise parental informed consent in regard to prophylactic immunization.

24. The action of the Defendants is also devoid of either procedural or substantive due process.

## COUNT IV

## EQUAL PROTECTION

25. Plaintiff realleges each and every allegation of paragraphs 1 to 24 above, and incorporate same by this reference. For his fourth cause of action against Defendants, Plaintiff further allege as follows:

26. The action of the Plaintiffs deprives Plaintiff of the equal protection of the Fourteenth Amendment to the United States Constitution.

## COUNT VI

## IMMEDIATE INJUNCTIVE RELIEF

27. Plaintiff realleges each and every allegation of paragraphs 1 to 26 above, and incorporate same by this reference. In support of his claim for a temporary restraining order, preliminary and permanent injunctive relief, Plaintiff further alleges as follows:

28. The actions of the Defendants cause irreparable harm to Plaintiff and Ashley Boone by (1) denying the right of the Plaintiff to freely exercise her religion without undue burden by the State, (2) establishing or promoting "recognized religions" to the detriment of

unaffiliated individuals and religions not deemed "recognized" by the State, (3) denying the invaluable right to an education and the right to liberty and property without due process, (4) denying substantive and procedural due process, and (5) denying equal protection to Plaintiff.

29.  This Court should issue a Permanent Injunction.

WHEREFORE, Plaintiff prays for attorneys' fees provided by 42 U.S.C. §1988 or by law or the power of this Court; preliminary and permanent injunctive relief as requested herein including a temporary restraining order, or a continuation of injunctive relief previously given; declaratory judgment; costs, and; all other proper relief.

Respectfully submitted,

PRYOR, ROBERTSON
    & BARRY, PLLC
315 North 7th Street
P.O. Drawer 848
Fort Smith, AR 72902-0848
(501) 782-8813

Gregory T. Karber
Ark. Bar No. 79110
Attorney for Plaintiff

for ROBERT T. MOXLEY #5-1726
GAGE & MOXLEY, PC
623 West 20th Street
Post Office Box 1223
Cheyenne, Wyoming 82003-1223
(307) 632-1112

8

## **CERTIFICATE OF SERVICE**

I, Gregory T. Karber, certify that on this ___ day of January, 2002, I have mailed a true and correct copy of the above and foregoing to:

Mr. William C. Brazil
Brazil, Adlong, & Winningham, PLC
719 Workrider, Suite 201
Conway, AR 72032

Mr. Robert Brech
Associate General Counsel
Arkansas Department of Health
4815 W. Markham Street
Little Rock, AR 72205-3867

                                                                     _____
                                                                     Gregory T. Karber